# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

―――――――――――――

№ 14-CR-95 (JFB)

―――――――――――――

UNITED STATES OF AMERICA,

versus

OLENA KALICHENKO,

Defendant.

―――――――――――――

**MEMORANDUM AND ORDER**
July 22, 2019

―――――――――――――

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

On February 26, 2014, Olena Kalichenko ("Kalichenko" or "defendant") was charged, in a four-count indictment, with sexually exploiting a minor and related offenses. Approximately five months later, on July 17, 2014, Kalichenko, a citizen and resident of the Ukraine, was arrested by the FBI after she traveled from the Ukraine to New York. Kalichenko believed she was flying to New York in order to testify against Joseph Valerio ("Valerio"), a resident of Smithtown, New York and a United States citizen, who had been charged in a separate superseding indictment with three counts of sexual exploitation of a child, one count of transportation of child pornography, one count of receipt of child pornography, and one count of possession of child pornography. The government alleged, *inter alia*, that Kalichenko filmed herself in the Ukraine with her daughter doing various sexually explicit acts scripted by Valerio, and sent those videos to Valerio in the United States through her mobile phone and parcel delivery service. The government further alleged that Kalichenko and Valerio exchanged emails regarding the videos and sexually explicit acts. On August 20, 2014, the government obtained a superseding indictment against Kalichenko charging the following: (1) conspiracy to sexually exploit a minor; (2) sexual exploitation of a minor; (3) sexual exploitation of a minor outside of the United States for the purposes of transporting a sexually explicit visual depiction of such conduct into the United States; (4) transportation of child pornography; and (5) production of sexually explicit depictions of a minor for importation into the United States. Kalichenko entered a plea of not-guilty on all counts of the superseding indictment.

The Court assumes the parties' familiarity with the factual background of this case.

## I. Relevant Procedural History

On April 1, 2016, three days before trial was set to begin in this case (over two years after the charges were brought), Kalichenko pled guilty to all five counts of the superseding indictment. (ECF No. 91.) Sentencing was initially set for September 16, 2016. (*Id.*) The Court granted Kalichenko's numerous requests for adjournments of the sentencing throughout 2016 and 2017, eventually adjourning the sentencing to March 7, 2018. (ECF Nos. 97, 101, 104, 106, 108, 110, 112, 114, 116.)

On February 23, 2018, Kalichenko's then-counsel requested an additional 30-day adjournment of the sentencing, stating that the Ukrainian government had advised Kalichenko that a meeting was held between government officials from the consular office of the Ukrainian Embassy and the United States State Department regarding "an earlier request by the Ukrainian government to assume jurisdiction over the investigation and decision to charge and prosecute Ms. Kalichenko, a Ukrainian citizen, for alleged crimes committed in [the Ukraine]." (Def.'s Mot. to Continue Sentencing, ECF No. 119 at 1.) The adjournment request referenced a "written communiqué" from the Ukrainian government from August 17, 2017, in which the Ukrainian government alerted the State Department that "the prosecution of Ms. Kalichenko for conduct that occurred on Ukrainian soil was unjustified here in the United States . . . ." (*Id.*) Attached to this motion to adjourn was an e-mail, dated February 20, 2018, sent by the consul to the Ukrainian Consulate General, Mryroslav Kastran, to Kalichenko's then-counsel, which stated that "it would be proper for the relevant Ukrainian authorities to be responsible for investigating allegations of child exploitation and that it would be proper for the Government of Ukraine to be responsible for determining the propriety of any criminal offenses committed by a Ukrainian citizen on the territory of Ukraine."[1] (ECF. No. 119-1, at 1.)

The Court granted the adjournment, and held a status conference on March 19, 2018 at which it denied Kalichenko's motion for reconsideration of this Court's March 22, 2016 oral decision denying her motion to dismiss the indictment,[2] and appointed co-counsel for Kalichenko to advise her regarding making a motion to withdraw her guilty plea on the basis of ineffective assistance of counsel relating to preservation of her right to appeal on the issue of the extraterritorial reach of the statutes relevant to the charges in this case. (ECF No. 124.)

Ultimately, Kalichenko made an oral motion to withdraw her plea on January 4, 2019, which was followed by a February 3, 2019 letter in support of her application to withdraw her guilty plea, on the basis of "incorrect advice of counsel that she could raise on appeal the propriety of the extraterritorial application of the child exploitation statutes . . . ." (ECF No. 158.) On the same date as Kalichenko's oral motion, the Court appointed Kalichenko's

---

[1] At a status conference on March 19, 2018, the government informed the Court that it had obtained the actual communiqué sent by Ukrainian authorities regarding the Ukrainian government's stance on Kalichenko's prosecution from the United States Department of State. This communiqué was sealed for diplomatic reasons, but the e-mail was accepted by the government as reflective of actual language from the communiqué. (*See* Gov't. Resp., ECF No. 164, at 7. ("[T]he communiqué contained the same statement as from the February 20, 2018 email stating that it would be proper for Ukrainian authorities to investigate child exploitation cases occurring in the Ukraine . . . ."))

[2] The Court issued a written opinion denying the motion to dismiss the indictment in *United States v. Kalichenko*, No. 14-CR-95, 2019 WL 1559422 (E.D.N.Y. Apr. 10, 2019)

current counsel. (ECF No. 154.) On February 22, 2019, for the reasons set forth in detail on the record, the Court denied Kalichenko's motion to withdraw the plea on the ground that her prior counsel provided erroneous advice on whether her argument regarding the extraterritorial application of the child exploitation statutes would be preserved following a guilty plea. (ECF No. 161.) In particular, the Court ruled that, under the peculiar circumstances of this case, that particular ineffective assistance of counsel claim would be best suited for collateral review on a Section 2255 petition if the Second Circuit declined to allow Kalichenko to raise that issue on appeal even in the wake of the Supreme Court decision in *Class v. United States*, 138 S. Ct. 798 (2018).

At issue here, on March 22, 2019, Kalichenko again moved to withdraw her guilty plea, asserting that if she had known that the Ukrainian government was formally protesting her prosecution in the United States, then she would not have pled guilty to the five-count superseding indictment in 2016. (Def's Mot. Req. Withdrawal, ECF No. 163.) The government opposed the motion on March 28, 2019. (Gov'ts. Resp., ECF No. 164.) Kalichenko filed a reply on June 28, 2019. (Def's Reply to Mot. Req. Withdrawal, ECF No. 181, at 1.)

The Court has fully considered the parties' submissions. For the reasons set forth below, the Court concludes that Kalichenko has not presented a "fair and just" reason to withdraw her guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), and therefore her motion to withdraw the guilty plea is denied.

II. DISCUSSION

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that, "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." The decision whether to allow the requested withdrawal is committed to the sound discretion of the court. *See*, *e.g.*, *United States v. Gonzalez*, 647 F.3d 41, 56 (2d Cir. 2011) (citing *United States v. Rosen*, 409 F.3d 535, 546 (2d Cir. 2005)); *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997)). The Second Circuit has held that district courts should consider, *inter alia*, the following factors to determine whether a defendant has provided a "fair and just reason" for withdrawing a guilty plea: "(1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely the withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Rose*, 891 F.3d 82, 85 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 795 (2019) (citing *United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009)); *see also United States v. Doe*, 537 F.3d 204, 210-11 (2d Cir. 2008); *United States v. Schmidt*, 373 F.3d 100, 102-03 (2d Cir. 2004) (*per curiam*). "Courts may also look to whether the defendant has raised a significant question about the voluntariness of the original plea." *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016) (quoting *Schmidt*, 373 F.3d at 103). Notwithstanding the alleged basis for withdrawal, the standard for withdrawing a guilty plea is "stringent" because society has a strong interest in the finality of guilty pleas, and such pleas carry a strong presumption of accuracy. *See Gonzalez*, 647 F.3d 41 at 53, 57 (quoting *Rosen*, 409 F.3d at 546); *Rose*, 891 F.3d at 85.

For the reasons discussed below, the Court denies Kalichenko's motion to withdraw her guilty plea because (1) her

motion contains no claim of legal innocence; (2) her motion is untimely; (3) the government would face substantial prejudice if the plea was withdrawn and this case proceeded to trial; and (4) her motion does not raise any new question regarding the plea's voluntariness.

### 1. No Assertion of Legal Innocence

"As the legal standard for withdrawal of a plea makes clear, legal innocence is a critical factor to be considered. The purpose of considering legal innocence is to ensure that the defendant's reason for withdrawing [her] plea is just and not simply a recalculation of [her] chances of defeating the indictment." *United States v. Hudak*, No. 02 CR. 853(JFK), 2003 WL 22170606, at *3 (S.D.N.Y. Sept. 19, 2003). Kalichenko has conceded that her current request for the withdrawal of her guilty plea does not contain any claim regarding her legal innocence. (Def's. Mot. Req. Withdrawal at 4 ("[Kalichenko] does not assert her legal innocence in this motion.")) Instead, Kalichenko argues that her guilty plea should be withdrawn because the Ukrainian government believes that the Ukraine, rather than the United States, should be investigating and prosecuting this case. (*Id.*) To the extent that Kalichenko is suggesting that the position of the Ukranian government regarding her prosecution is somehow the equivalent of "legal innocence," that argument is without merit.[3]

Even assuming the Ukrainian government is protesting the prosecution of Kalichenko by the United States,[4] any such protest would have no legal effect on the current or past proceedings involving Kalichenko in the United States. The Court has already determined that, because the United States child exploitation statutes apply extraterritorially to Kalichenko's conduct overseas, she is subject to prosecution by the United States government in the United States. *United States v. Kalichenko*, No. 14-CR-95(JFB), 2019 WL 1559422 (E.D.N.Y. Apr. 10, 2019). Because Kalichenko is subject to prosecution by the United States government, any protest by the Ukrainian government regarding her prosecution has no legal significance to the Court's jurisdiction and no impact on her prosecution here.[5]

In short, because Kalichenko does not assert legal innocence in her motion to withdraw the plea, and any protests by the Ukrainian government have no legal significance to the Court's jurisdiction or this prosecution, the Court concludes that this factor weighs in favor of denying the motion to withdraw the plea.

### 2. Length of Time Between Guilty Plea and Motion to Withdraw

Kalichenko submitted the instant request to withdraw her guilty plea on March 22,

---

[3] Kalichenko asserts in her reply that she would not have pled guilty had she known about the Ukrainian government's alleged protest because the plea would have been considered "an insult on the sovereignty" of the Ukraine. (Def's Reply to Mtn. Req. Withdrawal, at 1). However, this too is not an assertion of legal innocence.

[4] The government has argued that the statements from the Ukrainian government that form the basis for Kalichenko's argument to withdraw her plea are not a protest to her prosecution in the United States. (Gov't.'s Resp. at 7.) In addition, there is a factual dispute as to the veracity of statements from Kalichenko to the Ukrainian government that prompted its 2017 communiqué. However, for purposes of this motion, the Court assumes that the Ukranian government is protesting her prosecution with full knowledge of the facts of the case.

[5] The Department of Justice has made clear, despite repeated requests for reconsideration by Kalichenko, that any protest by the Ukranian government will not impact their decision to continue to prosecute Kalichenko in this case.

2019, nearly three years after she pled guilty shortly before her trial was set to take place in April 2016. The Second Circuit has consistently held that delays of several months between the entry of a guilty plea and a motion to withdraw that plea weigh against granting the motion. *See*, *e.g.*, *United States v. Gil-Guerrero*, 759 F. App'x. 12, 17 (2d Cir. 2018) (concluding that the district court did not abuse its discretion by denying a motion to withdraw a guilty plea because it was filed four months after the guilty plea); *United States v. Obiorah*, 536 F. App'x. 53, 55 (2d Cir. 2013) (affirming the rejection of a motion to withdraw as untimely after it was submitted eight months after the defendant pled guilty); *United States v. Deacon*, 413 F. App'x. 347, 350 (2d Cir. 2011) (affirming the rejection of a withdrawal motion submitted after a five month delay); *United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009) (affirming the rejection of a motion to withdraw a guilty plea as untimely after it was submitted one year after the defendant pled guilty).

Here, in light of the nearly three *year* period that elapsed between Kalichenko's guilty plea and the instant motion, the Court concludes that the instant motion is untimely, and that the multi-year delay weighs strongly in favor of denying the motion. The Court finds Kalichenko's efforts to explain this delay to be unpersuasive. First, Kalichenko argues that her motion on this ground was not filed until 2019 because she did not become aware of the Ukrainian government's "protest" of her prosecution until the end of 2018. (*See* Def's Aff. Req. Withdrawal, ECF. No. 163-1, at 2.) That assertion is contradicted by the record. In particular, as noted *infra*, Kalichenko's prior counsel made a motion to adjourn the sentencing in February 2018 based upon his awareness of written communication from the Ukranian government, indicating that Kalichenko's prosecution in the United States was unjustified. (ECF No. 119, at 1.) Thus, for many months prior to her first motion to withdraw her guilty plea in early 2019, Kalichenko was clearly aware of the Ukranian government's position and yet did not make that a ground for her initial motion to withdraw. In an effort to explain that failure, Kalichenko asserts that she "didn't know that the position of [the Ukranian] government was a proper basis to move to withdraw" until her most recent counsel was appointed and her first motion to withdraw was denied.[6] (Def's Reply to Mot. Req. Withdrawal, at 2.) Based upon the Court's extensive interactions with Kalichenko during numerous court conferences over the years that this prosecution has been pending, that argument is simply not credible. Kalichenko has repeatedly spoken on her own behalf in the courtroom when she believed that the Court should consider some fact about her case regardless of what her attorney thinks or says, and regardless of what the law may be about when an issue should be raised. In other words, the Court is quite confident that, if the Ukrainian government's position truly would have dissuaded Kalichenko from entering a guilty plea, she would have undoubtedly raised that issue directly with the Court herself as soon as she learned of that fact in 2018 and would have asked to withdraw her guilty plea on this ground. For these reasons, the Court concludes that the extreme untimeliness of Kalichenko's motion, even considering the circumstances of the untimeliness, is not justified, and this factor thus weighs in favor

---

[6] Kalichenko's most recent counsel, Murray Singer, was appointed by the Court on January 4, 2019 (ECF No. 155), and her first motion to withdraw her guilty plea was denied on February 22, 2019 (ECF No. 161).

5

of denying Kalichenko's motion to withdraw her plea.

### 3. Prejudice to the Government

On a pre-sentence motion for withdrawal of a guilty plea, it is entirely proper for the court to consider the prejudice to the government which would result from granting the motion. *See*, *e.g.*, *United States v. Lombardozzi*, 436 F.2d 878, 879 (2d Cir. 1971). Though the government is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of a guilty plea, any such prejudice may be considered by the district court in exercising its discretion. *See United States v. Giuliano*, 348 F.2d 217, 222 (2d Cir. 1965). "'Prejudice' in the context of plea withdrawal typically refers to depriving the Government of the benefit of its bargain by having the burden of trial preparation suddenly thrust upon it, as well as the potential difficulty to the Government in securing evidence against the defendant that would have been easier to secure at an earlier moment in time." *United States v. Lopez*, 385 F.3d 245, 254 (2d Cir. 2004) (citing *United States v. Lineback*, 330 F.3d 441, 445 (6th Cir. 2003); *see also Schmidt*, 373 F.3d at 103 (affirming that a motion to withdraw was properly denied even though the government would suffer no prejudice).

Though the government is not required to establish that prejudice would result because Kalichenko has failed to establish sufficient grounds for withdrawing her plea, the Court concludes that the government would suffer significant prejudice if this case were now to proceed to trial. By way of example, the Court notes that the primary Assistant United States Attorney who prepared Kalichenko's case for trial three years ago has left the United States Attorney's Office and is currently detailed outside the United States. (*See* Gov'ts. Resp., at 12.) In addition, multiple FBI agents who first interacted with Kalichenko in the Ukraine, as well as forensic experts and investigators on her case have since retired or are no longer within the United States. (*Id.*) Thus, although the delay does not affect the overwhelming nature of the evidence that remains against Kalichenko (including the videos discussed *supra*), the Court concludes that requiring the government to now prepare for trial and present evidence in a case that was originally set for trial over three years ago would result in significant prejudice in terms of the burden on the government's resources. Accordingly, this factor weighs in favor of denying Kalichenko's motion to withdraw.

### 4. Failure to Assert Any Question of Voluntariness

Federal Rule of Criminal Procedure 11(b)(2) mandates that courts shall not accept a plea of guilty without determining that the plea is voluntary and not the result of force, threats, or promises. "In order for a guilty plea to be valid, it must be both knowing and voluntary and done with 'sufficient awareness of the relevant circumstances and likely consequences.'" *Figueroa v. United States*, 91 CIV. 1047 (PKL), 1993 WL 88213 (S.D.N.Y. March 24, 1993) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

"There is no legal requirement that the decision to plead guilty be an easy one." *United States v. Doe*, 537 F.3d 204, 213 (2d Cir. 2008). The voluntariness of a guilty plea is reviewed by examining the totality of the relevant circumstances. *Hanson v. Phillips*, 442 F.3d 789, 798 (2d Cir. 2006). If a defendant has raised questions concerning the voluntariness or general validity of the plea, sworn statements made during plea allocutions carry strong presumptions of validity, and should be considered. *See*, *e.g.*, *Johnstone v. United*

*States*, No. 98-CV-7369 (JG), 1999 WL 672946, at *7 (E.D.N.Y. Aug. 25, 1999).

As an initial matter, Kalichenko has conceded that she "do[es] not raise a claim as to the 'voluntariness' of the plea as that term is generally understood," though she asserts that at the time of her plea in 2016, she "felt utterly alone" and "felt enormous pressure at the time of the guilty plea due to the fact that the videos of [Kalichenko] and her daughter were going to be shown in a public courtroom." (*See* Def's. Mot. Req. Withdrawal, at 5.) However, even assuming *arguendo* that Kalichenko had not conceded that her plea was voluntary, the Court concludes that Kalichenko's guilty plea was voluntary despite her assertions of feeling pressure to plead guilty because videos of her and her daughter would be shown in the courtroom if she went to trial.

In *United States v. Doe*, the Second Circuit held that the defendant's "fear of retribution" if letters to his codefendant were introduced as evidence during trial did not affect the voluntariness of his plea because he was fully aware of the consequences of his plea when he entered it, and because the prosecutor's statement that the letters would be produced was a "true recital of the scenario that would play out should the defendant proceed to trial." 537 F.3d. at 212. Here too, as discussed below, Kalichenko was fully aware of the consequences of her plea as evidenced by the Court's colloquy during the plea hearing, and any indication by the government that the videos of Kalichenko and her daughter would be introduced into evidence in the courtroom during trial was a "true recital of the scenario" that would occur if Kalichenko proceeded to trial. Thus, Kalichenko's assertion that she felt "pressure" to plead guilty because of the video evidence does not suggest that her plea was legally involuntary.

Additionally, Kalichenko's sworn statements made during plea allocutions "carry strong presumptions of validity," and indicate that her plea was entirely voluntary. *Johnstone*, 1999 WL 672946, at *7. During the plea proceedings on April 1, 2016, Kalichenko made the following statements in response to the Court's inquiries:

> THE COURT: You understand what you are about to do today?
>
> THE DEFENDANT: I do.
>
>       \*    \*    \*
>
> THE COURT: Are you pleading guilty because you are guilty?
>
> THE DEFENDANT: I feel that I am, yeah.
>
> THE COURT: And are you pleading guilty voluntarily and of your own free will?
>
> THE DEFENDANT: I am, yes.

(ECF No. 91, at 6, 38.)

During her plea allocution, Kalichenko also stated that no promises were made to her as to her sentence, and she was then apprised of the statutory mandatory maximum and minimum sentences for the charges she pled guilty to, and she acknowledged that she was aware that she had no plea agreement with the government. (*Id*. at 17-23.) Finally, in accordance with the Rule 11 requirements, and the requirements set forth by the Supreme Court in *Brady v. United States*, the Court established a factual basis for Kalichenko's guilty plea, and apprised her of the constitutional rights she would be waiving by pleading guilty, including her right to a trial by jury. (*Id.* at 7, 29-34.) Thus, the Court concludes that given Kalichenko's

express statement that she was pleading guilty voluntarily and of her own free will, and considering her entire plea allocution and the Court's dialogue with her, Kalichenko's plea was made voluntarily. *See United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) ("Considering that statements at a plea allocution carry a strong presumption of veracity, and that [the defendant's] unequivocal admissions under oath contradict [the defendant's] unsupported assertions of pressure, the district court did not abuse its discretion in denying [the motion to withdraw the plea].").

Further, in an abundance of caution, the Court notes that the timing of Kalichenko's currently pending motion to withdraw, filed almost three years after her guilty plea was entered, also supports the conclusion that Kalichenko entered her plea voluntarily. *See Doe*, 537 F.3d at 213 ("Whereas a swift change of heart may indicate [a] plea made in haste or confusion, the fact that the defendant waited five months to file his motion strongly supports . . . that his plea was entered voluntarily.") (citations and quotation marks omitted, alterations in original). Thus, as discussed *supra*, the timing of the current motion to withdraw, which was filed shortly after the Court denied Kalichenko's first motion to withdraw her plea, certainly does not suggest that she had discovered a newfound "fair and just" reason for withdrawal. *See Deacon*, 413 F. App'x at 350 (affirming the denial of the defendant's second motion to vacate as untimely by highlighting that the defendant could have raised his second argument in his first motion to vacate); *see also Doe*, 537 F.3d at 210 ("[A] defendant who seeks to withdraw his plea bears the burden of satisfying the trial judge that there are valid grounds for withdrawal.") (quoting *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992)). Instead, based upon the Court's extensive involvement in this case over the years, it is abundantly clear that this issue (regarding the Ukranian government's belated objection to the prosecution of this case in the United States) would have had no impact on Kalichenko's decision to plead guilty. Kalichenko pled guilty on the eve of trial because the evidence against her was overwhelming, including the child pornography videos which clearly showed the defendant engaged in sexually explicit acts with her daughter, and emails regarding these videos that were sent between Kalichenko and Valerio in the United States. Thus, if the Ukranian government's position existed and was known by the U.S. government and Kalichenko prior to the guilty plea, it would not have stopped the trial from going forward and it would have not altered the overwhelming evidence of guilt that Kalichenko faced. Her assertion that she would have gone to trial anyway in order not to "insult" her government lacks any credibility under the circumstances, especially given the Court's ability to assess Kalichenko's demeanor at many court conferences both before and after the guilty plea. Thus, the timing of this motion and totality of the circumstances reflect a last-minute effort by Kalichenko to a invent a new, pretextual ground regarding the voluntariness of her plea with the hope that it will prevent her sentencing from moving forward. Accordingly, the Court concludes that Kalichenko's guilty plea was entered voluntarily, and this factor weighs strongly in favor of denying Kalichenko's motion to withdraw her plea.

In sum, after balancing all of the relevant factors, the Court determines that there is no fair and just reason to allow Kalichenko to withdraw her guilty plea.

II. CONCLUSION

For the reason set forth above, Kalichenko's motion to withdraw her guilty plea is denied.

SO ORDERED.

JOSEPH F. BIANCO
United States Circuit Judge
(sitting by designation)

Dated: July 22, 2019
Central Islip, New York

\* \* \*

The government is represented by Allen Lee Bode, United States Attorneys Office, Eastern District of New York, 610 Federal Plaza, Central Islip, NY 11722. Defendant is represented by Murray Singer, 14 Vanderventer Avenue, Suite 212, Port Washington, NY 10050.