# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 14-cr-95 (JFB)

---

UNITED STATES OF AMERICA,

VERSUS

OLENA KALICHENKO,

Defendant.

---

**MEMORANDUM AND ORDER**
May 25, 2023

---

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 25 2023 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

On April 1, 2016, Olena Kalichenko pleaded guilty to Counts One, Three, Four, and Five of the Superseding Indictment, charging her with Conspiracy to Sexually Exploit a Child, Sexual Exploitation of a Child, Transportation of Child Pornography, and Production of Sexually Explicit Depictions of a Minor for Importation into the United States, in violation of 18 U.S.C. § 2251(a), (e); § 2251(c), (e); § 2252(a)(1) and § 2252(b)(1); and § 2260(a), (c)(1), and § 2251(e), respectively. On September 16, 2019, the Court sentenced Kalichenko to a total of 240 months' imprisonment, to be followed by five years of supervised release.

On March 7, 2022, the Court received Kalichenko's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court has also received eight subsequent letters from Kalichenko related to that motion. *See* ECF Dkt Nos. 209 (filed April 11, 2022); 212 (filed April 18, 2022); 214 (filed April 26, 2022); 215 (filed May 9, 2022); 217 (filed May 16, 2022); 218 (filed May 23, 2022); 219 (filed May 31, 2022); 220 (filed Nov. 3, 2022). Kalichenko seeks release (or, in the alternative, a reduction in sentence) on the grounds that her direct family is in danger due to the ongoing war in Ukraine.

For the reasons set forth below, Kalichenko's motion for compassionate release is denied.[1]

---

[1] The Court also denies Kalichenko's additional request for the appointment of counsel. In this Circuit, "a defendant filing a compassionate release motion . . . has no constitutional or statutory right to the assistance of counsel." *United States v. Fleming*, 5 F.4th 189, 192 (2d Cir. 2021). However, a court may appoint counsel in its discretion, "which should be exercised bearing in mind, among other things, the 'merits of the indigent's claim,' 'the nature of the factual issues the claim presents,' as well as the party's 'apparent ability to present the case.'"

I. **Applicable Law**

As a threshold matter, to file a motion for compassionate release, a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). With respect to the exhaustion requirement, the Second Circuit has clarified that it "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release. Rather, [Section] 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that may be waived or forfeited by the government." *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021). For a *pro se* movant, as here, this motion should "be construed liberally and interpreted to raise the strongest arguments [it] suggest[s]," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted), yet the defendant nonetheless bears the burden of first establishing that she is eligible for compassionate release and then demonstrating that she has exhausted administrative remedies in pursuing the sentence reduction, *see United States v. Harrison*, No. 14-cr-167, 2021 WL 1144820, at *1 (S.D.N.Y. Mar. 24, 2021).

Under Section 3582(c)(1)(A), district courts have the discretion to grant compassionate release where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020); *id.* at 236 (holding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling").

Courts must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Even if extraordinary and compelling reasons exist, a court may deny a compassionate release motion "if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." *United States v. Davies*, No. 17-cr-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020) (internal quotation marks and citation omitted).

---

*United States v. Collado*, No. 14-cr-731, 2021 WL 3023685, at *1 (S.D.N.Y. July 16, 2021) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)). Because the Court finds that the issues presented in Kalichenko's motion are not legally complex and that her arguments lack merit, the motion to appoint counsel is denied. *See, e.g., United States v. Piña*, No. 1-cr-619, 2021 WL 364192, at *1 (S.D.N.Y. Feb. 3, 2021); *United States v. Santiago-Figueroa*, No. 18-cr-618, 2021 WL 37692, at *1 n.1 (S.D.N.Y. Jan. 4, 2021); *United States v. Warren*, No. 4-cr-354, 2021 WL 4059437, at *4 n.5 (E.D.N.Y. Sept. 7, 2021).

## II. Discussion

The Court construes Kalichenko's March 2, 2022 compassionate release petition as a motion under Section 3582(c)(1)(A).[2]

The basis of Kalichenko's request for compassionate release—and her subsequent letters—is the ongoing war in Ukraine. She asserts that her mother and daughter, both of whom live in the southern part of Ukraine near Mariupol, are in physical danger from the war. Because her mother is elderly and suffers from certain health conditions, Kalichenko explains that her mother and daughter are unable to relocate to a safer location. Kalichenko has also submitted to the Court a letter her mother wrote describing the ways in which the Russian military has targeted civilians. Finally, Kalichenko has provided news articles reporting on Russian atrocities committed in Ukraine and, in particular, the effect of the war on Ukrainian children, among other related materials.

The Court need not address these arguments because, even assuming *arguendo* that one or more of these grounds demonstrated extraordinary and compelling circumstances for release, the Court denies the motion in its discretion because the Section 3553(a) factors weigh overwhelmingly against release. *See United States v. Keitt*, 21 F.4th 67, 73 n.4 (2d Cir. 2021) (holding that "a district court may rely solely on the [Section] 3553(a) factors when denying a defendant's motion for compassionate release"); *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) ("[A] district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." (internal quotation marks and citation omitted)).

The Court finds that the Section 3553(a) factors weigh overwhelmingly against Kalichenko's release. As the Court noted at sentencing, the nature and circumstances of the offense were "horrific." ECF Dkt. No. 193, at 74. Kalichenko pleaded guilty to the repeated sexual exploitation of her minor daughter, who was only two years old at the time, for the purpose of creating pornographic videos involving her daughter for financial gain. Kalichenko's criminal conduct was not limited to a single instance, but continued for months, while she sent the videos of the abuse from Ukraine to a sexual predator in the United States with whom she had a relationship. Moreover, the Court concluded that the 240 months of imprisonment was necessary "to send a general deterrence message as to the severity of the sentence for this type of conduct, especially by a mother over an extended period of time . . . ." *Id.* at 84.

The Court's view as to the importance of these Section 3553(a) factors, as well as the other reasons for the original sentence, has not changed notwithstanding the mitigating factors that the Court carefully considered at sentencing (and has considered again), and the additional circumstances outlined in Kalichenko's compassionate release motion. The Court recognizes Kalichenko's remorse

---

[2] On March 2, 2022, Kalichenko filed a request with the warden of FCI Waseca, where she is housed, to be considered for a reduction in sentence. The warden subsequently denied her request on April 4, 2022. Although the government contends that Kalichenko failed to administratively exhaust her compassionate release motion by filing her motion in this Court before receiving a response from the warden or waiting 30 days, the Court assumes *arguendo* that the motion was adequately exhausted for the purpose of deciding this motion.

and the difficult circumstances facing her family in Ukraine. However, Kalichenko has served approximately only half of her sentence, and it is the Court's view that her release at this juncture (or even a reduction of her sentence) would not adequately reflect the seriousness of her criminal conduct or the harm caused by the conduct, nor would it sufficiently protect society or afford adequate deterrence to others who engage in this type of criminal conduct. The Court is also mindful that granting the motion could result in unwarranted sentence disparities among similarly situated defendants.[3] In short, the current circumstances in Ukraine (and other mitigating factors cited by Kalichenko) do not alter the Court's determination that the combination of all of the Section 3553(a) factors) still overwhelmingly warrant denial of her motion.

In sum, even assuming *arguendo* Kalichenko has demonstrated "extraordinary and compelling reasons" for her release, these circumstances do not outweigh the Section 3553(a) factors that that warrant a denial of her motion. 18 U.S.C. § 3582(c)(1)(A)(i).

Accordingly, for the reasons stated above, the Court, in its discretion, denies Kalichenko's motion for compassionate release. The Clerk of the Court shall mail a copy of this order to Kalichenko.

SO ORDERED.

/s/ Joseph F. Bianco

Joseph F. Bianco
United States Circuit Judge
(Sitting by Designation)

Dated: May 25, 2023

---

[3] Kalichenko brings to the Court's attention an order of the U.S. District Court for the District of Columbia granting a motion for compassionate release "to permit the defendant's immediate return to Ukraine." Order, *United States v. Trofimchuk*, No. 19-cr-249 (Mar. 23, 2022). This order, however, does not explain the particular circumstances of that case and, in any event, the Section 3553(a) factors discussed above outweigh any sentencing disparity that might exist between this case and the *Trofimchuk* case (or other cases).